**FILED**

AUG 1 1 2005

MICHAEL W DOBBINS
CLERK, U.S. DISTRICT COURT



### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA RICHARDSON, | ) | **JUDGE MANNING** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **05C No. 4599** |
| v. | ) | |
| | ) | |
| DSW INC., | ) | |
| | ) | **MAGISTRATE JUDGE KEYS** |
| Defendant. | ) | |

### <u>NOTICE OF REMOVAL</u>

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS:

PLEASE TAKE NOTICE THAT defendant DSW Inc. ("DSW"), by its attorney, James D. Roberts, DLA Piper Rudnick Gray Cary US LLP, hereby removes this action from the Circuit Court of Cook County Illinois, County Department, Chancery Division to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441(a), 1446 and 1453. In support of this Notice of Removal, DSW states as follows:

1.    On or about July 5, 2005, a civil action captioned *Barbara Richardson v. DSW, Inc.*, Case No. 05 CH 11195, was commenced by the filing of a Complaint in the Circuit Court of Cook County, Illinois, County Department, Chancery Division. Pursuant to 28 U.S.C. § 1446(a), DSW has attached copies of all process, pleadings and orders served on it in the above-referenced action as Exhibit 1 to this Notice of Removal.

1

2.    DSW was served through its statutory agent, Corporation Service Co., on July 13, 2005. DSW is filing this Notice of Removal within 30 days of the date on which it was served with the Complaint and summons.

3.    The Complaint alleges that plaintiff Barbara Richardson is an individual who resides in Chicago, Illinois. *See* Complaint ¶2.

4.    The Complaint alleges that defendant DSW is an Ohio corporation with its principal offices at 4150 East 5th Avenue, Columbus, Ohio 43219. *See* Complaint ¶3. DSW is the only defendant named in the case.

5.    Plaintiff, in her individual capacity and as named representative on behalf of a putative class, asserts claims against DSW for breach of implied contract, bailment, and violation of the Illinois Consumer Fraud Act. *See* Complaint ¶¶ 11-30.   The Complaint states that DSW was victimized by the theft of certain data from its computer systems and alleges that DSW failed to take reasonable precautions to prevent that theft. *See id.* ¶¶ 4-8.   Plaintiff, who had purchased shoes from DSW, received notice that information DSW obtained when plaintiff made her purchases was among the data stolen from DSW's computer systems. *See id.* ¶¶ 8-10.

6.    On each of her three claims, plaintiff seeks monetary damages "in an amount sufficient to pay for the monitoring of credit reports and accounts." *See* Complaint ¶¶ 21(a), 27(a), 30(a) & p. 8.   On each of the claims, plaintiff also seeks an "injunction requiring DSW to take adequate measures to protect consumer data entrusted to it." *Id.* ¶¶ 21(b), 27(b), 30(b) & p. 8.

7.    Plaintiff does not identify what she considers to be "adequate measures to protect consumer data" that would be imposed by the injunctive relief requested in the

2

Complaint. However, DSW submits that the cost of identifying, selecting, installing, monitoring, and utilizing any significant set of new hardware or software security systems or processes at DSW's headquarters and the more than 170 shoe stores operated by DSW, *see* Complaint ¶3, would exceed the sum or value of $75,000.

8.      Plaintiff and members of the putative class share a common, undivided interest in the injunctive relief requested by the Complaint.

9.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because this action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Consequently, this action may be removed to this Court by DSW pursuant to 28 U.S.C. § 1441(b) because DSW is not a citizen of Illinois, the State in which this action is brought.

10.      The Complaint also alleges that "50,000 to 100,000 Illinois residents had their information stolen" and thus would be members of the class alleged by plaintiff. *See* Complaint ¶¶ 11-12. As to each of these putative class members, the Complaint seeks monetary damages "in an amount sufficient to pay for the monitoring of credit reports and accounts." *See* Complaint ¶¶ 21(a), 27(a), 30(a) & p. 8.

11.      DSW submits that the cost of paying for the "monitoring of credit reports and accounts" for a putative class consisting of more than 50,000 people, coupled with the cost of providing the injunctive relief requested in the Complaint, would exceed the sum or value of $5 million.

12.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) in that plaintiff is a citizen of a State that is different from the State of which DSW is a citizen and the matter in controversy, through reference to the aggregated

3

claims of the individual members of the putative class identified in the Complaint, exceeds the sum or value of $5 million.

13.     Under 28 U.S.C. § 1446(b), this Notice of Removal is timely because it has been filed within thirty (30) days of DSW's receipt of the initial pleading setting forth plaintiffs' claims for relief upon which this action is based.

14.     Venue is proper in this District and in this Division pursuant to 28 U.S.C. § 1441(a).

15.     By filing this Notice of Removal, DSW does not waive any defenses to the claims asserted by plaintiff which may be available to it, or concede that plaintiff has pleaded any claim upon which relief can be granted.

16.     DSW further represents that this Notice of Removal will be served on Plaintiffs' counsel and a copy will be filed with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division.

WHEREFORE, defendant DSW Inc. gives notice that the above-described action in the Circuit Court of Cook County, Illinois, County Department, Chancery Division is removed to this Court.

Dated: August // , 2005               Respectfully submitted,

James D. Roberts, Esq.
DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601
Telephone: (312) 368-4000
Facsimile: (312) 236-7516

*Attorneys for Defendant DSW Inc.*

4

OF COUNSEL:

James E. Phillips, Esq.
Robert N. Webner, Esq.
Brian J. Laliberte, Esq.
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008
(614) 464-5610 Telephone
(614) 719-5000 Facsimile

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was served upon counsel for plaintiff, Daniel A. Edelman, Esq., Edelman, Combs, Latturner & Goodwin, LLC, 120 S. LaSalle Street, 18th Floor, Chicago, Illinois 60603, by regular U.S. Mail, first-class postage prepaid, this //$^{th}$day of August, 2005.

James D. Roberts

5

# EXHIBIT 1

COPY *Julie*

| | | |
|---|---|---|
| 2120 – Served | 2121 – Served | |
| 2220 – Not Served | 2221 – Not Served | |
| 2320 – Served By Mail | 2321 – Served By Mail | |
| 2420 – Served By Publication | 2421 – Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( , ) |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

RECEIVED
JUL 14 2005
LEGAL DEPT

(Name all parties)

BARBARA RICHARDSON

v.

DSW, INC.

No. _____

TO: DSW, Inc.
C/O Registered Agent
801 Adlai Stevenson Drive
Springfield, IL 62703-4261

## SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801 , Chicago, Illinois 60602

❑ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

❑ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

❑ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

❑ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

❑ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

❑ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. **This Summons may not be served later than 30 days after its date.**

Atty. No.: 41106

Name: Edelman, Combs, Latturner & Goodwin, LLC

Atty. for: Barbara Richardson

Address: 120 S. LaSalle Street, 18th Floor

City/State/Zip: Chicago, IL 60603

Telephone: 312-739-4200

Service by Facsimile Transmission will be accepted at: _____

WITNESS, JUL 05 2005 , _____

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Atty. No. 41106

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

BARBARA RICHARDSON,             )
                                     )
               Plaintiff,       )
                                     )
       vs.                       )
                                     )       **05CH11195**
DSW, INC.,                     )
                                     )
               Defendant.   )

### COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE CLAIMS

### INTRODUCTION

1.      Plaintiff brings this action to secure redress from the failure of defendant

DSW, Inc. to comply with its implied undertaking to use private financial information provided

to it by its customers for the sole purpose of facilitating transactions with those customers.

### PARTIES

2.      Plaintiff Barbara Richardson is an individual who resides in Chicago,

Illinois.

3.      Defendant DSW, Inc. is an Ohio corporation with principal offices at 4150

East 5th Avenue, Columbus, Ohio 43219. Its registered agent and office are Illinois Corporation

Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703-4261. It operates over 170 shoe

stores throughout the United States, of which at least 10 are located in the Chicago metropolitan

area:

        a.      622 Commons Dr., Geneva, Illinois 60134.

        b.      413 N. Milwaukee Ave., Vernon Hills, Illinois 60061.

1

c.   448 S. Route 59, Naperville, Illinois 60540.

d.   1820 S. Randall Rd., Geneva, Illinois 60134.

e.   3131 N. Clark St., Chicago, Illinois 60657.

f.   9601 Skokie Blvd., Skokie, Illinois 60077.

g.   2155 W. Cermak Rd., Chicago, Illinois 60608.

h.   2155 W. 22nd St., Oak Brook, Illinois 60523.

i.   202 Orland Park Pl., Orland Park, Illinois 60462.

j.   901 Perimeter Dr., Schaumburg, Illinois 60173.

## FACTS

4.   On March 8, 2005, DSW, Inc. issued a press release acknowledging

that private financial information provided to it by its customers had been stolen. The press

release stated, among other things:

> **COLUMBUS, Ohio, March 8 / PRNewswire - FirstCall / Retail Ventures,
> Inc. (NYSE: RVI) today announced that it learned late last week of the theft
> of credit card and other purchase information from a portion of DSW Shoe
> Warehouse (DSW) customers who shopped at 103 DSW stores primarily
> during the last three months. DSW is a subsidiary of RVI.**
>
> **Federal law enforcement authorities have been contacted by the Company
> and are now involved in the investigation. DSW is taking steps to address the
> situation, including a review of its technology systems in conjunction with a
> leading computer security firm and is also working with credit card
> companies and issuers to mitigate the situation.**
>
> **Any customer information provided via DSW's web site
> (http://www.dswshoe.com/ ) was not impacted.**
>
> **"Our first concern is to make our customers aware of this issue and ask that
> they maintain a watchful eye for any unauthorized use of their credit cards,"
> said Julie Davis, Executive Vice President and General Counsel of Retail
> Ventures. "We take this incident very seriously and will work to identify
> and prosecute those responsible for this crime to the full extent of the law."**

## CLASS ALLEGATIONS

11.     Plaintiff brings this action on behalf of a class, consisting of (a) all Illinois residents (b) whose information was stolen from DSW.

12.     The class is so numerous that joinder of all members is impracticable. The 1.4 million figure in DSW's press release, coupled with the fact that at least 6% of DSW's stores are in Illinois, indicates that 50,000 to 100,000 Illinois residents had their information stolen affected.

13.     There are questions of fact or law common to the class, which common uestions predominate over any questions affecting only individual members. The predominant common questions include:

        a.     Whether DSW, when it obtained customer information in connection with transactions, impliedly undertook or promised to use that information solely for purposes of facilitating transactions;

        b.     Whether DSW failed to comply with such undertaking;

        c.     Whether such failure constitutes a breach of contract;

        d.     Whether DSW's undertaking created a bailment;

        e.     Whether DSW violated its duties as bailee;

        f.     Whether such failure constitutes an unfair practice in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2;

        g.     The appropriate relief.

14.     Plaintiff will fairly and adequately protect the interest of the class.

15.     A class action is an appropriate method for the fair and efficient adjudication of the controversy, in that individual actions are not economically feasible.

23. When DSW obtained private information from its customers, a bailment was created.

24. DSW breached its obligations as bailee by permitting the theft of the information.

25. As a result of such violation, DSW's customers have been subjected to increased risk of identity theft and fraudulent use of their information.

26. The risk of identity theft and fraudulent use of information requires DSW's customers to monitor their accounts and credit reports, or cause them to be monitored.

27. As a result, plaintiff and each member of the class has suffered quantifiable loss.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

    a. Damages in an amount sufficient to pay for the monitoring of credit reports and accounts;

    b. An injunction requiring defendant to take adequate measures to protect consumer data entrusted to it;

    c. Costs of suit;

    d. Such other or further relief as the Court deems proper.

## COUNT III – CONSUMER FRAUD ACT

28. Plaintiff incorporates paragraphs 1-15.

29. DSW's failure to safeguard customer information, in violation of its contractual undertaking and duties as bailee, constitutes an unfair practice, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2.

7

30.     Plaintiff and each class member was damaged by such failure.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff and the class and against defendant for:

a.     Damages in an amount sufficient to pay for the monitoring of

credit reports and accounts;

b.     An injunction requiring defendant to take adequate measures to

protect consumer data entrusted to it;

c.     Attorney's fees, litigation expenses and costs of suit;

d.     Such other or further relief as the Court deems proper.

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER
       & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106 (Cook)

## JURY DEMAND

Plaintiff demands trial by jury.

_____
Daniel A. Edelman

I:\case\dsw14.910\pleading\cmplt

8