IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Manning |
| | ) | |
| v. | ) | Magistrate Judge Keys |
| | ) | |
| DSW, INC. | ) | Case No. 05C 4599 |
| | ) | |
| Defendant. | ) | |

## PROTECTIVE ORDER

THIS CAUSE having come on to be heard upon the joint motion of the parties for the entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, good cause, including the protection of the confidentiality of certain confidential commercial and personal information and records, having been shown and, the Court being otherwise fully advised in the premises,

IT IS HEREBY ORDERED THAT:

1. The following information and documents, which are not of public knowledge or in the public domain, produced by either party or obtained in this action, pursuant to the parties' discovery requests or otherwise, shall be deemed confidential (such information and documents are collectively referred to herein as "Confidential Material"): (1) any financial information or documents relating to a party's income or tax returns; and (2) any proprietary information or documents relating to a party's internal business processes and operations, including but not limited to computer systems, data security, sales, costs, pricing, profits, customer names and other customer information, research, and business plans.

2. Each document designated as Confidential Material pursuant to this Agreed Protective Order shall be clearly labeled as "Confidential." Any party disputing the designation of any document as "Confidential Material" pursuant to this Agreed Protective Order must notify counsel for the other party of the party's objection to the designation and must then confer pursuant to Local Rule 37.2 in a good faith attempt to resolve their differences. If counsel is unable to reach an agreement regarding the designation, the objecting party may file a motion with the Court for a ruling that the document should not be designated as "Confidential Material" pursuant to this Agreed Protective Order. Unless or until this Court enters an order finding that the document is not "Confidential Material" pursuant to this Agreed Protective Order, the disputed document shall retain its designation of "Confidential Material" pursuant to this Agreed Protective Order and be treated as such.

3. For purposes of this Agreed Protective Order, "personally identifying information" shall mean any : (a) Social security number; (b) Date of birth; (c) Driver's license number; (d) Credit card number; (e) Debit card number; (f) Checking account number; and (g) Savings account number. Before the production of documents containing personally identifying information of any individual, other than plaintiff, the producing party may redact such personally identifying information and indicate on the document that such information has been redacted.

4. Any party disputing the redaction of any personally identifying information pursuant to this Agreed Protective Order must notify counsel for the other party of the party's objection to such redaction. Counsel for each party must then confer pursuant to Local Rule 37.2 in a good faith attempt to resolve their differences. If counsel is unable to reach an agreement regarding the redaction, the objecting party may file a motion with the Court for a ruling that the

personally identifying information should not be redacted. Unless or until this Court enters an order finding that the personally identifying information should not be redacted, the personally identifying information shall remain redacted on the documents produced. Nothing in this paragraph shall operate to prohibit redacting other information or challenging the redaction of said information.

     5.     The Court shall have the final authority in determining whether a document has been properly labeled "Confidential" or properly redacted.

     6.     All Confidential Material shall be used only for the purpose of the proceedings in this action and for the purpose of litigation against DSW in the action *Hendricks v. DSW, Shoe Warehouse Inc.*, No. 05-cv-00767 (W.D. Mich.), upon entry of a protective order, and shall not be used in any other lawsuit, claim or cause of action or in any other way unless ordered by a court of competent jurisdiction. Notwithstanding the foregoing, if either party is requested or required (by oral questions, interrogatories, requests for information or documents in legal proceedings, subpoena, civil investigative demand or other similar process) to disclose any Confidential Material, the party receiving the request shall immediately notify by certified mail, return receipt requested, the other party of such fact so that the other party may contest such disclosure. If no objection is made by the other party within ten (10) days after the notice is issued or if an order is entered by a court of competent jurisdiction ordering disclosure, then such disclosure may be made.

     7.     All Confidential Material shall not be divulged by either party or their counsel to anyone, except for purposes of this litigation, and then only after such person to whom Confidential Material will be disclosed has been shown a copy of this Protective Order and shall have agreed to be bound by its terms by executing the Certification attached as Exhibit A.

8.      In accordance with LR 26.2(d), the parties are to retain copies of all documents or other material designated as Confidential Material under this protective order. Documents or other material designated as Confidential Material, including without limitation, indices, summaries, abstracts, compilations or copies thereof or information contained therein not of pubic knowledge or in the public domain, shall not be filed with the clerk of court. Documents or other material designated as Confidential Material requiring the Court's review shall be submitted to chambers *in camera* in a sealed envelope bearing the caption of the case, case number, the title of the motion or response to which the submitted confidential information pertains, and the name and telephone number of counsel submitting the documents. The producing party shall maintain the original documents intact for any further review. Only a redacted copy of the documents or other material designated as Confidential Material that are submitted to chambers for *in camera* review by the Court shall be filed with the clerk of court for the record. If the party seeking to submit the documents or other material designated as Confidential Material to chambers for *in camera* review by the Court is not the party that produced the documents or other material in discovery, then the submitting party must contact the producing party at least ten (10) days prior to submission of the documents or other material to the Court so that the producing party may have a opportunity to object to the submission and/or to prepare the redacted version of the documents or other material for filing with the clerk of the court.

9.      In accordance with LR 26.2(b)&(c), should a party deem it necessary to file any documents or other material designated as Confidential Material under this protective order with the clerk of the court under seal or with restricted access, then that party shall petition the Court for a restricting order that, for good cause shown, directs that one or more documents be

CHGO1\30803541.4

restricted. The petitioning party shall prepare a proposed restricting order that shall specify the particular document or portion of a document that may be filed as restricted, and which shall include in its final paragraph the following information: (1) the identity of the persons, if any, who are to have access to the documents without further order of court; and (2) instructions for the disposition of the restricted documents following the conclusion of the case. A copy of the final restricting order, as entered by the Court, must be included with any restricted document presented for filing. The attorney or party submitting a restricted document must file it in a sealed enclosure that conspicuously states on the face of the enclosure the attorney's or party's name and address, including e-mail address if the attorney is registered as a Filing User of electronic case filing, the caption of the case, the title of the document, and the notation:

**SEALED DOCUMENTS PURSUANT TO COURT ORDER
CONTAINS CONFIDENTIAL MATERIAL
TO BE OPENED BY OR ONLY AS DIRECTED BY THE COURT**

Any member of the public who disputes the sealing or restricted access of the Confidential Material pursuant to this Protective Order may file a motion with the Court that the Confidential Material should not be sealed or access not restricted. Unless or until this Court enters an order finding that the document should not be sealed or access not restricted, the disputed material shall retain its sealed or restricted access status pursuant to this Agreed Protective Order and the restricting order.

10. In the event that any Confidential Material is used in any proceeding herein prior to the trial of the cause, it shall not lose its confidential status through such use and the parties shall take all steps reasonably required to protect against misuse or disclosure of such Confidential Material.

11. Any entity or individual that produces documents pursuant to a subpoena issued in this action may invoke the protections of this Protective Order by labeling documents or otherwise producing documents in conformity with the terms of the this Agreed Protective Order and by indicating in correspondence accompanying the production of documents that the production is made subject to the terms of this Protective Order.

12. All such Confidential Material shall be returned to the producing party or destroyed upon demand after the final termination of this litigation and end of any appeals period. If the receiving party destroys such Confidential Material, the receiving party shall, within forty-five days of the final termination of this litigation, provide a written representation to the producing party that the receiving party has destroyed such Confidential Material.

13. Good cause exists to protect the confidentiality of the Confidential Material and the redaction of personally identifying information. Therefore, this Protective Order is hereby approved and shall be entered.

**Dated**: June 26, 2006

ENTERED:

_____
Magistrate Judge Keys

Agreed Protective Order
Presented by:

By: /s James D. Roberts
  James D. Roberts, Esq.
  Adrianne C. Mazura, Esq.
  Tracy L. Bradford, Esq.
  DLA Piper Rudnick Gray Cary US LLP
  203 North LaSalle Street, Suite 1900
  Chicago, Illinois 60601
  Telephone: (312) 368-4000
  Facsimile: (312) 236-7516

OF COUNSEL:

James E. Phillips, Esq.
Robert N. Webner, Esq.
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008
Telephone: (614) 464-5610
Facsimile: (614) 719-5000

*Attorneys for Defendant DSW, Inc.*


By:/s Curtis C. Warner
    Daniel A. Edelman, Esq.
    Cathleen M. Combs
    James O. Latturner
    Curtis C. Warner
    Edelman, Combs, Latturner & Goodwin, LLC
    120 S. LaSalle Street, 18th Floor
    Chicago, Illinois 60603
    (312) 739-4200 Telephone
    (312) 419-0379 Facsimile

*Attorneys for Plaintiff*

## CERTIFICATION – EXHIBIT A

I hereby certify that I have read the attached Protective Order in *Richardson v. DSW, Inc.*, Case No. 05C 4599 (the "Order"), and I agree that I will not reveal *"Confidential Material"* information to, or discuss such with, any person who is not entitled to receive *"Confidential Material."* In accordance with the Order, I will use *"Confidential Material"* information only for the purposes of facilitating the prosecution or defense of the action and not for any business or other purpose. I will otherwise keep all *"Confidential Material"* information confidential in accordance with this Order. I agree that the United States District Court for the Northern District of Illinois has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound by the strictures of the Order.

Dated:_____       _____

                                                                                           [Print Name]

                                                                                           [Company]

                                                                                           [Address]